


NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAMADA WORLDWIDE, INC, a Delaware corporation, | : : : | |
| Plaintiff, | : : | Civ. No. 05-2309 (HAA) |
| -v- | : : : | **OPINION & ORDER** |
| BELLMARK SARASOTA AIRPORT, LLC, a Florida limited liability company, and STEVE MULLEN, an individual, | : : : : | |
| Defendants. | : : | |

David S. Sagar, Esq.
Mekalia V. Reid-Gordon, Esq.
Pitney Hardin LLP
P.O. Box 1945
Morristown, New Jersey 07962-1945
*Attorneys for Plaintiff*

Joshua P. Cohn, Esq.
Cohn Lifland Pearlman
Herrmann & Knopf LLP
Park 80 Plaza West One
Saddle Brook, NJ 07663

John A. Anthony, Esq.
Cheryl Thompson, Esq.
GrayRobinson, P.A.
P.O. Box 3324
Tampa, Florida 33601
*Attorneys for Defendants*

**ACKERMAN**, Senior District Judge:

This matter comes before the Court on the motion of Defendant, Bellmark Sarasota

1

Airport, LLC ("Bellmark") to transfer this action to the United States District Court for the Middle District of Florida. For the following reasons, Bellmark's motion to transfer is GRANTED.

### *Background*

Defendant Bellmark owned and operated a commercial lodging facility located at 8440 North Tamiami Trail, Sarasota, Florida (the "Facility"). At all times relevant hereto, Bellmark has been owned and controlled by Defendant Steve Mullen (together with Bellmark, the "Defendants"). On or about November 20, 2000, Bellmark entered into a licensing or franchise agreement and executed a number of additional documents (collectively, the "Contracts") with Plaintiff Ramada Worldwide Inc. ("Ramada"), that allowed Bellmark to identify ("flag") and operate the Facility as a "Ramada Inn."

Defendants allege that they were induced to enter into the Contracts on the basis of Ramada's representations that "flagging" the Facility as a Ramada Inn would increase room sales as a result of the public's identification of the Ramada name. The Contracts required Defendants to engage in extensive renovations and improvements at an approximate cost of $600,000 as a condition precedent to "flagging" the facility as a Ramada Inn. Defendants performed such improvements, and the Facility thereafter operated as a Ramada Inn. Unfortunately, the parties' relationship became strained when the anticipated increase in room sales did not materialize.

According to the parties, various other breaches of the Contracts ensued, including Bellmark's alleged failure to pay royalties to Ramada and Ramada's alleged refusal to permit Bellmark to access Ramada's world-wide reservations system. Ultimately, the Facility operated

at such a loss that the Facility was sold at an undervalued price.

Ramada filed a Complaint in this Court on April 29, 2005 against Bellmark and its principal, Steve Mullen, asserting claims for breach of the Contracts because of Bellmark's financial defaults. On July 15, 2005, Defendants answered and asserted counterclaims for fraudulent inducement, breach of contract and breach of the covenant of good faith and fair dealing. Ramada asserts that it filed its Complaint in this District pursuant to a forum-selection clause in the Contracts that provided:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between [Ramada] and you.

(Compl. Ex. A §17.6.3.)

Defendants now bring this motion to transfer venue to the Middle District of Florida, asserting that considerations of convenience, cost, judicial economy, expeditious discovery and availability of trial process militate heavily in favor of transfer. Ramada opposes the motion, asserting that the valid and enforceable forum-selection clause in the Contracts weighs overwhelmingly in favor of keeping this action in the District of New Jersey.

*Analysis*

Defendants' motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In bringing a motion to transfer venue, the burden is on the movant to establish the propriety of a

3

change of venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). A court's analysis focuses on whether the requested forum is more convenient than the forum chosen by the Plaintiff and promotes considerations of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In considering a motion to transfer venue under § 1404(a), the court is required to perform a two-part analysis. As a threshold matter, the court must decide whether the transferee district has proper jurisdiction and venue. *Shutte*, 431 F.2d at 24. If this requirement is satisfied, the court must conduct an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (hereinafter "*Ricoh*") (quoting *Van Dusen*, 376 U.S. at 622). The Court considers a plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process over unwilling witnesses, location of relevant documents to the extent they may be unavailable in one forum, financial ability to bear the costs of the transfer, and all other practical considerations that make trial of the case easy, expeditious and inexpensive. *See Sun Chem. Corp. v. Markem Corp.*, No. 05-2565, 2006 U.S. Dist. LEXIS 4776, at *5 (D.N.J. Feb. 6, 2006) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Jumara*, 55 F.3d at 879-80.

### I. The Action May Be Brought in the Middle District of Florida

As a preliminary matter, this action may be brought within the Middle District of Florida. Ramada has sufficient minimum contacts with the state of Florida as it has purposefully directed its activities within that state and does extensive business there. Mullen resides in Florida and Bellmark is headquartered there. Thus the Middle District of Florida has personal jurisdiction

over the parties.  Likewise, the Middle District of Florida has diversity jurisdiction over the case as the Plaintiff is a Delaware corporation with headquarters in New Jersey and the Defendants are Florida residents.  Further, the activities giving rise to the action occurred in Florida, and the real property that is the subject of the action is located there.

## II. A Balancing of the Factors Weighs in Favor of Transferring Venue

### 1. Plaintiff's initial choice of forum and the forum-selection clause

Ramada sought to bring this action in New Jersey as it is headquartered here and the forum-selection clause in the Contracts designates this Court as a preferred forum.  Proper weight must be given to the Plaintiff's initial choice of forum, as it "is a paramount consideration in any determination of a transfer request."  *Shutte*, 431 F.2d at 25.  Similarly, the courts give deference to the parties' contractual expression of venue preference through a forum-selection clause.  However, neither factor is dispositive of a motion to transfer venue.  *See Ricoh*, 487 U.S. at 30-31.  Crucially, the particular forum selection clause here is explicitly non-exclusive, which lessens its determinative effect, and thus allows the movant to assert the convenience of the parties as a factor supporting transfer of venue.  (Compl. Ex. A §17.6.3.) ("You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts...");  *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 (3d Cir. 1973); *see also Rivera Fin. v. Trucking Servs., Inc.*, 904 F. Supp. 837, 839 (N.D. Ill. 1995).

The forum-selection clause is enforceable unless "unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  In determining reasonableness, the courts consider several factors including "undue influence or overweening bargaining power." *Id.*  In this case, the forum-selection clause was part of a boilerplate provision and was in no way

emphasized within the text of the contract. The boilerplate nature of the clause is thus indicative of inequality in the parties' bargaining power. Moreover, the fact that the negotiations between a world-wide hotel chain and a single-asset business were conducted in the absence of counsel further diminishes the legal weight to be given to the clause.

Plaintiff's choice of venue warrants less weight in this case as New Jersey has little connection with the dispute. Substantially all of the relevant acts giving rise to this action occurred in Florida and the real property subject to the dispute, as well as most of both parties' material witnesses, are located there. Accordingly, Plaintiff's choice of forum deserves less weight. *See Eon-Net, L.P. v. Flagstar Bancorp*, No. 05-791, 2005 U.S. Dist. LEXIS 35552, at *5 (D.N.J. Dec. 15, 2005) (holding plaintiff's choice of forum deserves less weight when none of operative events or action occurred in the forum); *De Lage Landen Fin. Servs. v. Cardservice Int'l, Inc.*, No. 00-2355, 2000 U.S. Dist. LEXIS 15505, at *5 (E.D. Pa. Oct. 25, 2000) ("The deference given to a plaintiff's choice of forum is reduced, however, where none of the key events or omissions underlying the claim occurred in the forum selected.").

In addition, when ruling on a request to transfer venue, the Court must consider all of the claims at issue in the pending action. Here, the Defendants' counterclaim for fraudulent inducement is not subject to the forum-selection clause of the Contracts and is governed by Florida law.

In sum, the non-exclusive forum-selection clause is not the only determinative or dispositive factor to be considered in evaluating a motion to transfer venue, and does not trump convenience of the witnesses and public interests. Otherwise, there would be no need to consider any other factor and § 1404(a) would be meaningless. Only the convenience of the parties

6

themselves is properly within the power of the parties to affect through the use of a forum-selection clause. *See Plum Tree*, 488 F.2d at 757-58. As discussed below, a forum-selection clause is not determinative, especially where, as here, enforcement of the forum-selection clause will largely deprive the Defendants of their day in court, rendering them unable to effectively defend the action unless it is transferred to a more convenient forum.

      2. <u>Convenience of the parties and witnesses</u>

Because substantially all of the events underlying this litigation occurred in Florida, both parties will need to procure witnesses and documents located in Florida. Ramada has not shown that it will be inconvenienced by having to transport documents and witnesses to Florida as Ramada's witnesses are either located in Florida or employed by Ramada such that they can be produced in Florida. On the other hand, some, if not all, of Defendants' witnesses are located in Florida, so Defendants will bear a substantially greater burden by having to transport witnesses to New Jersey than Ramada would by having to transport witnesses to Florida. Here, the ease of access to the court and considerations of witness and party convenience militate in favor of the Defendants.

      3. <u>Relative ease of access to sources of proof</u>

Although both parties have better access to sources of proof in their preferred venues, the Facility is located in Florida and the Contracts were executed there. Thus, the Defendants will be adversely affected if local testimony and evidence is rendered inaccessible to the Defendants through the denial of the motion to transfer venue. Ramada has asserted that its relevant records are for the most part located in New Jersey, yet it does not state that the transportation of the documents to Florida would be unduly burdensome or expensive. In this case, availability of

access to sources of proof and the goal of expeditious discovery weigh in favor of the Defendants.

      4. <u>Availability of compulsory process for witnesses</u>

Convenience and attendance of non-party witnesses "weighs heavily" in favor of transfer. *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 324-25 (D.N.J. 1998). Plaintiff will likely rely on the testimony of its own employees or the Defendants to support its claims, while substantially all of the non-party witnesses that the Defendants will rely on to support their defenses and counterclaims are physically located within the Middle District of Florida. As such, these key witnesses are not subject to compulsory process in New Jersey. *See* Fed. R. Civ. P. 45(b)(2) ("[A] subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . trial..."). The Defendants' transfer motion identified the inconvenienced witnesses, stated what their testimony would encompass and highlighted the importance of this testimony. *NPR, Inc. v. Am. Int'l Ins. Co.*, No. 00-0242, 2001 WL 294077, at \*6 (D.N.J. Mar. 28, 2001) (holding that "motions to transfer must identify inconvenienced witnesses whom the defendant proposes to call and contain a general statement of what their testimony will encompass"). If the Defendants are unable to compel the non-party witnesses' appearance in court, they will be effectively deprived of their day in court because they will be unable to present testimony and authenticate documents relevant to the claims and defenses at issue.

The availability of depositions as a method of providing witness testimony is not determinative. Indeed, the inability to compel attendance of material witnesses for live testimony is a key factor weighed by the court in determining requests to transfer venue. *See, e.g.*,

*Parlodel*, 22 F. Supp. 2d at 324-25 ("The inability of this Court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate."). If depositions were sufficient, the Court would not need to consider the availability and convenience of witnesses under 28 U.S.C. § 1404(a). Further, live testimony is recognized as especially preferable over depositions where the factfinder will be required to make credibility determinations of the testifying witnesses, as will be the case here.

Several key witnesses for the Defendants have stated that they will not voluntarily testify in New Jersey. (Yingling Aff. ¶ 8; Trotman Aff. ¶ 8). The inability of Defendants to benefit from the live testimony of these witnesses will substantially prejudice the presentation of their case. On the other hand, Ramada has not identified any witnesses that will not be subject to compulsory process in Florida, nor identified the extent or degree to which Ramada would be inconvenienced by a transfer of venue.

Thus, Defendants will be greatly inconvenienced by a denial of the motion to transfer venue, and will be unable to litigate this case effectively. Compared to this burden on Defendants, the burden on Ramada in having to litigate the case in Florida is insignificant.

5. Location of relevant documents

Relevant documents are present in both venues.

6. Financial ability to bear the costs of the change

Defendants will be substantially prejudiced in their ability to prosecute their defenses and counterclaims in this Court, as they have limited resources available to support out-of-state litigation. Currently, Bellmark has no assets and Mullen has limited resources. On the other hand, Ramada is a large hotel chain with the requisite financial backing to litigate in any state.

9

Thus, the financial burden that Plaintiff will have to bear in litigating this claim in Florida is minimal compared to that of Defendants in litigating the claim in New Jersey.

7. <u>Other factors: state interest, applicable law</u>

Each state has an interest in protecting the legal interests of its citizens. *See Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647-48 (1950) (discussing state's interest that contractual obligations be observed). New Jersey has an interest in enforcing the Contracts to protect the contractual rights of Ramada. Similarly, Florida has an interest in protecting the rights of its citizens from tortious acts of others. Thus, the interests of both states would be affected by the grant or denial of a motion to transfer venue and this factor does not weigh in favor of either side.

Finally, both New Jersey and Florida law apply to this dispute. Although New Jersey law applies to the claims for breach of contract and for violation of the duty of good faith and faith dealing, the elements that must be established are similar under New Jersey and Florida law and present no special or complicated analysis. *Compare Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985) (identifying elements of breach of contract claim under New Jersey law as: (1) valid contract; (2) breach of contract; and (3) damages), *with Miller v. Nifakos*, 655 So. 2d 192, 193 (Fla. Dist. Ct. App. 1995) (identifying elements of breach of contract claim under Florida law as: (1) existence of contract; (2) breach of contract; and (3) damages); *compare Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001) (identifying elements of breach of covenant of good faith and fair dealing under New Jersey law as: (1) existence of contract; (2) violation of contract term; (3) done arbitrarily, unreasonably, or capriciously with the objective of preventing the other party from receiving its reasonably expected fruits of the contract; and (4) damages), *with Hosp. Corp. of Am. v. Fla. Med. Ctr, Inc.*, 710 So. 2d 573, 575 (Fla. Dist. Ct.

10

App. 1998) (identifying elements of breach of covenant of good faith and fair dealing under Florida law as: (1) existence of contract; (2) violation of contract term; (3) with an absence of good faith; and (4) damages resulting from the frustration of the essential purposes of the contract). Similarly, although Florida law applies to the claims of fraudulent inducement, New Jersey and Florida law share common elements that must be established to prove the claim. *Compare Stochastic Decisions v. DiDomenico*, 236 N.J. Super. 388, 395 (App. Div. 1989) (identifying elements to establish fraud in the inducement in New Jersey as: (1) material representation of a present or past fact; (2) made knowing it was false and with an intent that it be relied on; and (3) detrimental reliance on the misrepresentation), *with Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985) (identifying elements to establish fraud in the inducement in Florida as: (1) a false statement regarding a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation). Because New Jersey and Florida law are substantially similar as applied to this case, this factor is not significant to venue.

### III. Summary

This action may be brought in the Middle District of Florida as that district has proper personal jurisdiction over the parties and subject matter jurisdiction over the case. Plaintiff's initial choice of forum and the forum-selection clause of the Contracts are not dispositive and are outweighed by considerations of convenience, justice and other factors relevant under 28 U.S.C. § 1404(a). New Jersey has little connection to the claims in this case since the relevant events occurred in Florida, the physical property at issue is located there, and the majority of the Defendants' material witnesses are Florida residents. As such, the majority of the Defendants'

witnesses as well as local expert witnesses are not subject to compulsory process in New Jersey. Coupled with considerations of the financial situations of both parties, these factors may effectively preclude the Defendants from litigating this case in New Jersey. In sum, the circumstances of this case warrant the transfer of venue from the District of New Jersey to the Middle District of Florida.

### *Conclusion*

For the foregoing reasons, it is hereby ORDERED on this 15th day of June 2006 that Defendants' motion to transfer this matter to the United States District Court for the Middle District of Florida is hereby GRANTED.

Newark, New Jersey
Dated: June 15, 2006                                                        s/ Harold A. Ackerman, U.S.D.J